## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **Transamerica Life Insurance Company** | **Plaintiff** |
| **v.** | **No. 3:20-cv-487-BJB** |
| **Patricia A. Hinchey** | **Defendant** |
| **&** | |
| **Theresa Wooldridge** | **Defendant/Counter- and Cross-Claimant** |

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Transamerica Life Insurance Company filed an interpleader suit to resolve whether the beneficiary of William Wooldridge's life insurance policy is the decedent's widow, Theresa Wooldridge, or his ex-wife, Patricia Hinchey.  Interpleader Complaint (DN 1) ¶¶ 8, 27–29.  Theresa Wooldridge moved to intervene in the case as the Executrix of the Estate of William Wooldridge.  Motion to Intervene (DN 7).  Transamerica and Hinchey oppose the intervention because the Estate is not a beneficiary of the policy and its declared interest is the same as Theresa's: for Theresa to receive the proceeds.  Responses (DNs 15, 20).  The Estate acknowledges that it cannot receive the proceeds, but argues that it has an interest in the proper distribution of the proceeds and the enforcement of a Marital Settlement Agreement and beneficiary designation that affect the determination of the policy beneficiary.  Motion to Intervene at 9–11; First Reply (DN 18) at 8–9.  Based on the current record and pleadings, the Court grants the Estate's motion and permits intervention.

Federal Rule of Civil Procedure 24(b) authorizes a Court to "permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."  And in "exercising its discretion," the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  *Id.*; *see also Vassalle v. Midland Funding*, 708 F.3d 747, 760 (6th Cir. 2013).  Such a motion "is addressed to the sound discretion of the District Court."  *Brewer v. Republic Steel*, 513 F.2d 1222, 1225 (6th Cir. 1975).  And district courts retain "broad discretion in setting the precise scope of intervention" to address any concerns.  *United States v. Detroit*, 712 F.3d 925, 933 (6th Cir. 2013).

The Estate seeks to intervene in order to enforce several contracts that the decedent allegedly entered.  Intervening Complaint (DN 7-1) ¶¶ 28–50.  Primarily,

the Estate seeks to enforce a contract—the Marital Settlement Agreement—that it says Hinchey breached. ¶¶ 28–35. The Estate contends the Agreement allowed the decedent to change the beneficiary from Hinchey to Theresa after Hinchey received an Equalization Sum, which released the decedent from other earlier obligations. Motion to Intervene 2–3. The Estate is the only entity with an obvious interest in enforcing the Marital Settlement Agreement and its release provision. The interpretation of that contract and its impact on the life insurance policy is central to the interpleader claim in this case. Whether Hinchey violated the contract or is the beneficiary of the policy are bound up in many of the same legal and factual questions. Since the claims substantially overlap, no delay or prejudice is likely to result by allowing the Estate to offer its interpretation of the contract. Any questions about the relevance or interpretation of the Marital Settlement Agreement are not part of this intervention assessment; they would go to the merits of the dispute.

In the most analogous precedent that anyone has identified, an insurer filed an interpleader suit to determine whether the decedent's widow or his ex-wife would receive the life-insurance proceeds covered by a release in a marital settlement agreement and subsequent change in beneficiaries. *Union Cent. Life Ins. v. Berger*, No. 10-cv-8408, 2012 WL 4217795, at *7 (S.D.N.Y. Sept. 20, 2012), *aff'd*, 612 F. App'x 47 (2d Cir. 2015). The estate, with the widow as the executrix, also asked the court to award the benefits to the widow and made cross claims for the breach of the marital settlement agreement. *Id*. at *7, 12–14. Although the court did not address intervention per se, it held that the widow was entitled to the policy proceeds and the ex-wife had breached the settlement agreement with the estate, requiring her to pay the estate's litigation costs. *Id*. at *12–14. The estate's claims and interests here are similar.

Because the Estate pleads legal interests related to those at issue in this case, the Court grants the motion to intervene (DN 7) under Rule 24(b).